UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALCIDE C., | ) |
|       Plaintiff | ) |
| v. | ) No. 1:22-cv-00390-NT |
| KILOLO KIJAKAZI,<br>Acting Commissioner of<br>Social Security, | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability (SSD) appeal contends that the Administrative Law Judge (ALJ) erroneously rejected the "uncontroverted" opinions of his treating psychologist Martha Cade, Ph.D., and vocational expert David W. Meuse. *See* Plaintiff's Brief (ECF No. 11) at 1-14. I conclude that both opinions were in fact controverted and that the ALJ supportably weighed the conflicting evidence of record. Accordingly, I recommend that the Court affirm the Commissioner's decision.

**I. Background**

The ALJ found, in relevant part, that from the Plaintiff's alleged onset date of disability, November 15, 2018, through his date last insured for SSD benefits, June 30, 2020, he (1) had the severe impairments of a personality disorder, borderline intellectual functioning or cognitive disorder, depression, post-traumatic stress disorder, and substance abuse disorder (alcohol), *see* Record at 19; (2) retained the

1

residual functional capacity (RFC) to perform tasks that could be learned in thirty days or less, carrying out detailed but uninvolved written or oral instructions involving a few concrete variables in or from standardized situations (for example, folding and packaging a shirt), work in two-hour blocks of time over the course of a normal work schedule, and adapt to routine changes in the work environment, but could not have worked with the public, *see id.* at 23; (3) could have performed jobs existing in significant numbers in the national economy, *see id.* at 28; and (4) therefore had not been disabled, *see id.* at 30. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Challenge to ALJ's Rejection of Cade Opinion

Dr. Cade submitted an opinion dated October 30, 2020, rating the Plaintiff as having a number of extreme, markedly impaired, or impaired and less than fair mental functional abilities in the categories of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* Record at 661-63. She explained that he exhibited "inappropriate intense anger and frequent displays of temper," could not "sustain a relationship longer than" six months, had "spent time in jail due to assault," had "been through 10-15 jobs due to irritability," "was unsuccessful at school because of concentration difficulties," and was "emotionally unstable[,] anxious, angry and has frequent suicidal ideation." *Id.* at 662.

Dr. Cade also checked boxes indicating that it was medically reasonable to expect the Plaintiff to be off task fifteen to twenty percent of an eight-hour workday and, on average, he would be absent from work about four days a month. *See id*. Asked if the same limitations would apply in the absence of substance use, she stated: "no alcohol or substance abuse of any real consequence." *Id.* at 663.

The ALJ found Dr. Cade's opinion "unpersuasive," explaining that she had "[i]nexplicably" written "'no alcohol or substance abuse of any real consequence'"—a comment that was "[c]learly . . . inconsistent" with the comments and notes of the

3

Plaintiff's treating psychiatrist, Jonathan Walker, M.D. *Id*. at 21, 27. The ALJ added, "More importantly, Dr. C[a]de's opinion was inconsistent with the records as a whole, including the . . . opinion, findings, and exam observations" of agency examining consultant Nadir Behrem, Psy.D. *Id*. at 22, 27.[1]

The Plaintiff complains that the ALJ failed to explain how the Cade opinion was inconsistent with the record as a whole apart from making vague references to the Walker notes and wrongly assumed that Dr. Cade was unaware of his alcohol use. *See* Plaintiff's Brief at 9-10. He asserts that, as a result, the ALJ failed to show that her assessment of the Cade opinion was either supported by substantial evidence or "reached via an acceptable analytical pathway as required in this district." *Id*. (cleaned up).

The Plaintiff contends that the error is harmful because Dr. Cade's opinion that he would be off task fifteen to twenty percent of a workday and miss about four days of work per month "was uncontroverted by any other medical opinion in the record" and supported by the assessment of treating physician Bryan Mack, M.D., that he would be off task fifteen to twenty percent of the workday and absent one day a month. *Id*. at 3, 11.

The Plaintiff's bid for remand rests on two faulty foundations: a narrow reading of the ALJ's decision and a flawed characterization of the Cade opinion as uncontroverted. He ignores both the ALJ's earlier detailed discussion of his alcohol use, including Dr. Walker's concerns regarding that use, and her conclusion that his

---

[1] The ALJ misspelled Dr. Cade's surname "Code." Record at 27.

4

"mental health symptoms" were "no more than moderately limiting, even when considering his substance addiction disorder." *Id.* at 20-22, 24-25. He also overlooks the ALJ's resolution of the conflicting expert opinion evidence of record.

The Cade and Mack opinions clashed with those of Dr. Behrem and agency nonexamining consultants Brian Stahl, Ph.D., and Lewis Lester, Ph.D., on the question of whether the Plaintiff would be off task during a workday/workweek. Whereas Drs. Cade and Mack found that he would be off task for up to twenty percent of the workday and miss work at least one day a month, Dr. Behrem deemed him "able to concentrate on and sustain in work-related tasks," *id.* at 658-59, and Drs. Stahl and Lester found him able to understand and remember simple tasks and work in two-hour blocks performing simple tasks over the course of a normal workday/workweek, *id.* at 353-54, 363-64.

The ALJ duly resolved those conflicts, explaining that she deemed the opinions of Drs. Behrem, Stahl, and Lester persuasive and those of Drs. Cade and Mack unpersuasive. *See id.* at 26-27; *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand.") (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL

5

2222474 (1st Cir. May 15, 2019). The Plaintiff offers no basis on which to disturb that resolution.[2]

### B. Challenge to ALJ's Rejection of Meuse Opinion

The ALJ asked Robert Baker, the vocational expert present at the Plaintiff's hearing, whether a person who, among other things, could not work with the public and could "perform tasks that can be learned in 30 days or less carrying out detailed but uninvolved written or oral instructions involving a few concrete variables in or from standardized situations" could perform any work in the national economy. Record at 63. She elaborated, "I will use the example of folding and packaging a shirt for an employer to illustrate what I mean by detailed b[ut] uninvolved." *Id*. "There's several steps and details involved in that task but, overall, it is noncomplex." *Id*.

VE Baker testified that such an individual could perform the jobs of Coffee Maker, *Dictionary of Occupational Titles* (*DOT*) § 317.684-010, Cook Helper, *DOT* § 317.687-010, and Counter Supply Worker, *DOT* § 319.687-010. *See id*. at 63-64; U.S. Dep't of Lab., *DOT* §§ 317.684-010, 1991 WL 672750; 317.687-010, 1991 WL 672752; 319.687-010, 1991 WL 672772 (4th ed., rev. 1991). The Plaintiff's representative asked VE Baker, "You say that [those jobs are] entry level, do not

---

[2] The Plaintiff cites *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681 (D. Me. Mar. 16, 2018), and *Casey M. R. v. Kijakazi*, No. 1:20-cv-00453-JDL, 2022 WL 278471 (D. Me. Jan. 30, 2022) (rec. dec.), *aff'd*, 2022 WL 715778 (D. Me. Mar. 10, 2022), for the proposition that the ALJ's discussion is insufficient to show that her assessment was supported by substantial evidence or reached via an acceptable analytical pathway. *See* Plaintiff's Brief at 10. Both cases are distinguishable. The ALJ in *Picard* erroneously accorded two conflicting expert opinions great weight "without explaining how, if at all, he resolved the underlying conflict." *Picard*, 2018 WL 1370681, at *3-4. The ALJ in *Casey M. R.* "simply did not grapple with the issue of the gap" in time between an expert's pre-surgery and post-surgery RFC assessments when he "adopted the more restrictive of [the expert's] two RFC assessments for the entire relevant period, including the yearlong period for which [the expert] did not assess an RFC." *Casey M. R.*, 2022 WL 278471, at *3-4.

involve any detailed instructions?" Record at 66. VE Baker replied, "That's correct." *Id*.

Post-hearing, the Plaintiff submitted an affidavit of VE Meuse stating that all three jobs "could potentially, in [his] vocational opinion involve some degree of contact and interaction with the public, in contradiction of the RFC limitation against public interaction," and that a change "from allowing 'detailed but uninvolved instructions'" to "allowing no detailed instructions" would preclude all three jobs. *Id*. at 524-25. He explained that those jobs are defined in the Revised Handbook for Analyzing Jobs, a companion publication to the *DOT*, as having a General Educational Development (GED) Reasoning Level of 2, which requires applying "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and, thus, "the inability handle detailed instructions effectively limits an individual to" GED Reasoning Level 1. *Id*. at 525.

The ALJ explained that she found VE Meuse's opinion on GED reasoning levels unpersuasive because she had informed VE Baker that the jobs at issue were "'detailed but uninvolved'" and "noncomplex," and the Plaintiff's own representative then elicited testimony from VE Baker confirming that the jobs "were entry level and did not involve 'detailed instructions.'" *Id*. at 29. She noted, "Absent further definition as to what [the Plaintiff's representative] specifically meant by detailed instructions, I do not find this testimony in conflict" with VE Baker's earlier testimony that the jobs provided were consistent with the *DOT*. *Id*. at 29-30. She

7

added that she did not find VE Meuse's "opinion that the jobs provided could potentially involve public contact persuasive." *Id*. at 30.

The Plaintiff contends that the ALJ improperly rejected VE Meuse's "uncontradicted" evidence that a person incapable of performing detailed tasks could not perform the three jobs at issue, and that all of those jobs require public interaction. *See* Plaintiff's Brief at 14. This point, as well, rests on the faulty premise that the Meuse evidence was uncontradicted.

The Plaintiff first argues that the ALJ purported to rely on the opinions of Drs. Stahl and Lester that he could perform "simple" tasks but then translated that into a finding that he could perform "detailed but uninvolved" tasks, directly contradicting the doctors' findings and implicating VE Meuse's evidence. *See id*. at 13-14. However, this Court has rejected that very proposition, holding that an ALJ's finding that a claimant had the "ability to carry out detailed but uninvolved instructions" is not inconsistent with an expert's opinion that the claimant retained the ability to perform "'simple' work." *Allison P. v. Berryhill*, No. 2:18-cv-00061-JHR, 2019 WL 1373646, at *4-5 (D. Me. Mar. 24, 2019); *see also, e.g., Linwood C. v. Kijakazi*, No. 1:22-cv-00013-LEW, 2022 WL 10337867, at *3 (D. Me. Oct. 18, 2022) ("This District has determined that a claimant limited to simple tasks at a routine pace is not precluded from performing work that the DOT defines as requiring a reasoning level of 2.") (rec. dec.), *aff'd*, 2022 WL 17454017 (D. Me. Dec. 6, 2022).

The Plaintiff finally asserts that VE Meuse did not offer an *opinion* that the jobs required public interaction but, rather, pointed out that the *DOT* describes all

8

three jobs as requiring interaction with the public.  *See* Plaintiff's Brief at 11-12.  But VE Meuse himself stated that, in his "vocational opinion," all three occupations as described in the *DOT* "could potentially . . . involve some degree of contact and interaction with the public."  Record at 525.  Moreover, the *DOT* rates all three jobs as "Not Significant" in the category of "People 8: –  Taking Instructions – Helping."  *DOT* § 317.684-010, 1991 WL 672750; § 317.687-010, 1991 WL 672752; § 319.687-010, 1991 WL 672772.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 30, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge